IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADRIAN FELICIANO, | : | *ELECTRONICALLY FILED* |
| | : | |
| Plaintiff | : | |
| | : | No: 1:19-cv-75 |
| v. | : | |
| | : | Honorable Judge Susan Paradise Baxter |
| GREAT LAKES ONLINE MEDIA, LLC | : | |
| | : | |
| Defendant | : | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**RICHARD LIEBOWITZ'S MOTION TO APPEAR PRO HAC VICE**

Defendant Great Lakes Online Media, LLC ("Defendant"), by and through Williams & Jorden, hereby responds to Richard Liebowitz's Motion to Appear Pro Hac Vice ("Motion").

## I.   INTRODUCTION

Mr. Liebowitz, in merely the past four years, since graduating from law school, continued a brazen disregard for local rules of court in cases filed throughout the United States Federal District Courts. Mr. Liebowitz recently expanded his high-volume litigation practice to the Western District of Pennsylvania, and continues his disregard towards the rules of the Court continue. This Honorable Court should not grant Mr. Liebowitz access to appear in the Western District of Pennsylvania (the "District"), as doing so would permit Mr. Liebowitz to continue his disregard for court orders, the legal profession, and force defendants that lack financial means or incentive to forgo litigation and hand-tire settle without exercising their rights. For the following reasons, this Court should deny Mr. Liebowitz Motion for Leave to Appear Pro Hac Vice.[1]

---

[1] This Motion is Supplemented by *Angel Chevrestt v. Paddock Publication, Inc.*, Civil Acton No. 1:19-cv-5598 [Dkt. 11] filed October 14, 2019, wherein Attorney Joshua Fliegal, counsel for Defendant, outlined the plethora of sanctions in the District of Northeastern District of Illinois Eastern Division Illinois and other Federal Districts before the Honorable Judge Harry D. Leinenweber.

1

## II.     BACKGROUND

The present case involves a copyright infringement claim arising the alleged publication of a general news photograph in Great Lakes Online Media, LLC, (hereinafter, "Great Lakes"), which operates Erie Reader, a small local biweekly online newspaper that promotes local and regional artists.  The photograph in question is of musician Lexie Weege, posted on the her personal Facebook, without credit to the purported Plaintiff photographer.  After informing Mr. Liebowitz of this flaw, he proceeded to produce unresponsive documents the morning of the Mediation as well as the  post-discovery Status Conference, referencing unnamed parties with access to the photograph. The alleged publication by Great Lakes predates the registration claimed by the Plaintiff, meaning this case has nominal value because: 1) Plaintiff's claim does not qualify for statutory damages or attorneys' fees, and 2) photographers are typically unable to show lost profits or an infringing newspaper's profits from publication of one photograph.  The amount of actual damages, amount to less than a fraction of one cent. Additionally, this case presents a claim of Section 1202(a) of the Digital Millennium Copyright Act ("DMCA") on grounds that the photograph in question was allegedly published after removal of the photographer's name that serves as "copyright management" information under the DMCA. Although such a claim is potentially subject to statutory damages, remedies for Section 1202(a) violations are particularly rare, because a plaintiff needs to show that the defendant intentionally removed the photographer's name to "induce, enable, facilitate, or conceal infringement." *GC2 Inc. v. Int'l Game Tech., IGT, Doubledown Interactive LLC*, 391 F. Supp. 3d 828, 840 (N.D. Ill. 2019) (quotations omitted). Plaintiff further avers that Defendant removed "gutter credits" crediting the Plaintiff.  A "gutter credit" is, a credit placed in the inner margin, or "gutter," of a magazine page, ordinarily printed in a smaller type and running perpendicular to the relevant image on the page.

Thus, this case – which is similar to approximately ten (10) other cases Mr. Liebowitz filed in this District between July and September 2019[2] – is a case with extraordinarily low value, where the costs of defense are such that settlement as soon as a complaint is filed is a prudent approach by any defendant. Indeed, during the post-discovery status conference, with Great Lakes corporate representative, David Hunter present, Mr. Liebowitz immediately requested settlement discussions.  His client was not present.  As such, Mr. Liebowitz's tactics involving investing time and energy into challenging the *bona fides* of a case or its counsel is simply not justified.

As such, defendants must rely upon courts and rules to protect them against rogue claims or lawyers that disregard the rules that were enacted, in part, to ensure the administration of justice is "just, speedy, and inexpensive." F.R.C.P. 1.

### III.   ARGUMENT

Mr. Liebowitz has not only violated the rules in this case, but in other cases in the Western District of Pennsylvania, and in cases throughout Federal Districts throughout the country.   Each violation, independently, should suffice to deny his Motion.  Nonetheless, these infractions, taken as a whole, should cast no doubt in the Court's mind when it denies Mr. Liebowitz's Motion for Pro Hac Vice.

**A. Mr. Liebowitz violated multiple rules in this case.**

Mr. Liebowitz filed a Motion to Appear Pro Hac Vice on May 13, 2019.  [Dkt. 11], which was denied on the grounds his filing did not follow Local Rules on May 16, 2019. [Dkt. 15].  Mr. Liebowitz ignored the Order, and took no action between May 16, 2019 and October 26, 2019, despite notice from the Court via CM/ECF and multiple notices from the undersigned.  It was not until the Court ordered Mr. Liebowitz to file a Motion to Appear Pro Hac Vice by October 25,

---

[2] Attached is a current list of cases Attorney Leibowitz is litigating in this District, marked as Defendant's Exhibit "A."

2019. [Dkt. 26]. Further violating the Court Order, Mr. Liebowitz filed his Motion to Appear Pro Hac Vice on October 26, 2019 [Dkt. 27]. Moreover, the filing was so deficient per Local Rules, the Court graciously, sua sponte, Ordered Mr. Liebowitz to supplement his declaration regarding five (5) sanctions entered against him. [Dkt. 29].

Mr. Liebowitz further violated local rules, pursuant to Erie County Local Rule 16.2(E) Alternative Dispute Resolution Practices and Procedures, the Alternative Dispute Resolution ("ADR"), in a number of ways. First, reasons unknown to the Defendant, Mr. Liebowitz represented to the undersigned the existence of a Pro Bono Mediation Program, and filed a Motion Appointment of Pro Bono Mediation on May 24, 2019. [Dkt. 19, 20] The undersigned contacted Mr. Leibowitz on several occasions regarding the status of his pending Motion for Pro Bono Mediation, as the undersigned was not aware of such a program, although Mr. Liebowitz assured Pro Bono Mediation was an available to this case.

After filing his Pro Bono Mediation, the undersigned's requested that Mr. Liebowitz keep in touch with the Court on the matter, specifically, Judge Baxter's Chamber's regarding his pending Motion, and update the undersigned on the matter. Mr. Liebowitz provided no such updates. After the Motion sat for nearly three (3) months, the undersigned contacted Judge Baxter's Chambers, and the Motion of Pro Bono Mediation was almost immediately dismissed, because the Court does not offer this program to Copyright litigation. [Dkt. 21]. As a matter of import, prior to the July 25, 2019 ADR Deadline and continued to a September 22, 2019 ADR deadline the undersigned spent considerable time contacting several local prominent intellectual property and copyright mediators, including but not limited to, Former Honorable District Judge Sean J. McLaughlin and John D'Silva, Esquire, and arranged mediation dates and locations. [Dkt. 17].

In further violation of the rules of this District, Mr. Liebowitz and the Plaintiff appeared via teleconference at Mediation, on September 20, 2019, scheduled for 4:30 P.M. without permission of this Court. The Western District ADR process is governed by the ADR Policies and Procedures, as adopted by the Board of Judges for the United States District Court for the Western District of Pennsylvania. Pursuant to the Western District of Pennsylvania Policies and Procedures, 2.7 (A)(1)(3) and 2.7(B), attendance at an ADR session is mandatory for the attorney and the Plaintiff (the party with settlement authority), unless excused by 2.7 (D).[3] Mr. Liebowitz violated the rules of the Court by failing to seek leave of Court by filing a Motion to appear telephonically fifteen (15) days in advance. A Docket Report is attached. *See* Defendant's Exhibit B.

**B. Mr. Liebowitz has violated multiple rules in other cases in the Western District of Pennsylvania**

Mr. Liebowitz filed over ten (10) cases without Pro Hac Vice admission, and as more described below:

1. *Adlife Marketing & Communications Company, Inc. b. Valeskys, Inc. et al*, , Civil Case No. 1:19-cv-00285, filed October 3, 2019, Mr. Liebowitz never designated local counsel or filed an appearance, in violation of Rule 83.2(A) and Rule 83.2(B), and in the interest of brevity, failed to designate local counsel, file an appearance, or a Pro Hac Vice Application in the following 10 subsequent cases in this District. Mr. Liebowitz never designated local counsel or filed an appearance or pro hac vice application.

2. *Lipton v. Trib Total Media, Inc.* Civil Case No. 2:19-cv-00859-DSC filed on July 18, 2019 and Notice of Settlement Entered August 7, 2019. Mr. Liebowitz never designated local counsel or filed an appearance, in violation of Rule 83.2(A) and Rule 83.2(B).

---

[3] A person who is required to attend the selected ADR process session may be excused from attending in person only after a showing that personal attendance would impose an extraordinary or otherwise unjustifiable hardship. A person seeking to be excused must file a motion with the assigned Judicial Officer, **no fewer than 15 days before the date set for the session, simultaneously copying the Arbitration Clerk (if applicable), all other counsel and unrepresented parties and the neutral(s). The motion seeking excuse from the selected ADR process session must: 1. Set forth with specificity all considerations that support the request; 2. State realistically the amount in controversy in the case; 3. Indicate whether the other party or parties join in or object to the request; and 4. Be accompanied by a proposed order. (Emphasis Added)**

3. *Fortune v. Strattan Broadcasting, Inc.*, Civil Case No. 2:19-cv-00860 filed July 18, 2019, Mr. Liebowitz never designated local counsel or filed an appearance, in violation of Rule 83.2(A) and Rule 83.2(B).

4. *Van Tine v. Charles P. Leach Agency Inc.*, Civil Case No. 2:19-cv-00909 filed July 26, 2019 and settled October 28, 2019 Mr. Liebowitz never designated local counsel or filed an appearance, in violation of Rule 83.2(A) and Rule 83.2(B).

5. *Yang v. Conscienhealth*, Civil Case No. 2:19-cv-00939 filed August 1, 2019 Mr. Liebowitz never designated local counsel or filed an appearance, in violation of Rule 83.2(A) and Rule 83.2(B).

6. *Adlife Marketing & Communications Company, Inc. V. D'onofrio's, Inc.*, Civil Case No. 2:19-cv-00940 filed July 31, 2019 Mr. Liebowitz never designated local counsel or filed an appearance, in violation of Rule 83.2(A) and Rule 83.2(B).

7. *Russo v. Invesprise LLC.*, Civil Case No. 2:19-cv-01332-NR filed October 16, 2019, Mr. Liebowitz never designated local counsel or filed an appearance, in violation of Rule 83.2(A) and Rule 83.2(B).

8. *Hirsty v. Nutrimost Wellness & Weight Loss LLC.*, Civil Case No. 2:19-cv-01000 filed August 13, 2019 Mr. Liebowitz never designated local counsel or filed an appearance, in violation of Rule 83.2(A) and Rule 83.2(B).

9. *Goldsmithv. Devore Hardware Company*, Civil Case No. 2:19-cv-01333 filed October 16, 2019Mr. Liebowitz never designated local counsel or filed an appearance, in violation of Rule 83.2(A) and Rule 83.2(B).

10. *Adlife Marketing & Communication Company, Inc v. Market Basket of Johnstown, Inc.*, Civil Case No. 3:19-cv-00149 filed September 16, 2019 Mr. Liebowitz never designated local counsel or filed an appearance, in violation of Rule 83.2(A) and Rule 83.2(B).

Mr. Liebowitz's trend of violating court orders is rapidly growing. These violations are not old or spread out over many years. They have all occurred in the last three to four months. No information is available regarding whether Mr. Liebowitz has extracted settlements in these cases based on the expenses imposed by his filings. Mr. Liebowitz's primary tactic is to forgo cease and desist letters in advance of filing lawsuits, and rather than permitting the Defendant to waive service, reducing filing fees, Mr. Liebowitz appears to be either ignorant of the rules or engaged in purposeful disregard. Either way, Mr. Liebowitz's ability to impose costs on at least the

defendant in this case should be truncated until he embraces the concept of adherence to the local rules and the Federal Rules of Civil Procedure.

### C. Mr. Liebowitz has violated multiple rules in cases in other districts.

Mr. Liebowitz also has a history of violating rules in other districts. Mr. Liebowitz has filed over 1,100[4] cases since his admission to the New York bar in 2015. Further, Mr. Liebowitz's own disclosures about his sanctions reveals the following:

- *Steeger v. JMS Cleaning Services LLC* is the first case Mr. Liebowitz lists in his Motion. A district he has been admitted since October of 2015. [Dkt. 30.] Judge Cote outlined his improper behavior in at least three ways: 1) his rule violation regarding failure to provide notice[5], 2) "misrepresentations and omissions" in his filings before the court, and 3) "costs needlessly imposed on the defendant." In addition to Mr. Liebowitz's pattern of disregarding court rules, this case also shows and explains how he attempts to dismiss cases once defendants or the court catch on to his schemes. **After Mr. Liebowitz objected to her statement of calling him a "copyright troll," Judge Cote drafted an entire order devoted to defending that statement, and concluded that she could call Mr. Liebowitz a "copyright troll," noting that of the more than 700 cases Mr. Liebowitz had by then filed in Manhattan federal court, more than 500 were resolved without any substantive litigation. (emphasis added).** *See* Attached Defendant's Exhibit C.

- *Craig v. UMG Recordings, Inc., et al.* is the second case Mr. Liebowitz lists in which he was sanctioned, which occurred on July 9, 2019 in another case in the Southern District of New York. This time, Mr. Liebowitz filed a frivolous motion that the court concluded was "made vexatiously and in bad faith." *Craig v. UMG Recordings, Inc.*, 380 F. Supp. 3d 324, 339 (S.D.N.Y. 2019), reconsideration denied, No. 16-CV-5439 (JPO), 2019 WL 2992043 (S.D.N.Y. July 9, 2019). Instead of going into details, Defendant also suggests the court review the docket and defendant's motion and memo for sanctions [Dkt. 71, 72], which shows in great detail why Mr. Liebowitz was sanctioned for over $98,000. *See* Defendant's Exhibit D.

- *Rice v. NBCUniversal Media, LLC* is the third case Mr. Liebowitz lists in which he was sanctioned on July 10, 2019 – a mere day after his sanction in case #2 – also in the Southern District of New York. The problems with his conduct are all apparent from the docket sheet itself. *See* **Defendant's Exhibit E**. Initially, Mr. Liebowitz was notified of an improper filing of Docket No. 4 both on the day he filed it (January 16, 2019) and again on January

---

[4] Defendant's lawyers in the *Sands* case compiled a list of all of his cases. *See* Defendant's Exhibit H.
[5] This was not Mr. Liebowitz's first time failing to provide notice, and was likely only caught because the firm who caught him previously (SDNY 17-cv-6945) was the same firm who caught him doing it again in this case.

28, 2019. On March 11, 2019 [Dkt. 12], the court also had to order Mr. Liebowitz to file the proof of service, despite the case already being two months old. Additionally, an initial conference was set on January 17, 2019 to be held on May 2, 2019 [Dkt. 6]. Despite having over three months' notice of this date, Mr. Liebowitz waited until the day before the conference to request its rescheduling [Dkt. 18]. The court begrudgingly granted it later than day, despite it being "untimely and inadequately explained." [Dkt. 19.] Then later than day, Mr. Liebowitz filed a motion to dismiss the case [Dkt. 20] and adjourn the conference [Dkt. 21]. Judge Furman denied this (one of Mr. Liebowitz's usual tactics of dismissing cases when he faces any opposition) and ordered that Mr. Liebowitz "shall appear as scheduled, in part so [he] can answer for his apparent failure to comply with this Court's orders and rules." [Dkt. 22.] After Mr. Liebowitz failed to appear at the conference despite being ordered to appear, Judge Furman dismissed the case, but stated that "The Court retains jurisdiction to consider whether sanctions should be imposed upon [Mr. Liebowitz]" [Dkt. 23]. Judge Furman also ordered Mr. Liebowitz to explain "why sanctions should not be imposed - pursuant to Rules 11 and 16 of the Federal Rules of Civil Procedure and/or the Court's inherent authority - for filing a meritless lawsuit; for continuing to prosecute that lawsuit even after being presented with evidence of its lack of merit; for failure to comply with this Court's orders; and for failure to appear as directed at the conference earlier today." [Dkt. 25.] After hearing the parties' arguments, the court held that "Mr. Liebowitz and his firm are SANCTIONED for his failure to comply with multiple court orders." [Dkt. 36.] The court observed that there is "a growing body of law in this district devoted to the question of whether and when to impose sanctions on Mr. Liebowitz." *See* Defendant's Exhibit E.

In addition to the foregoing cases Mr. Liebowitz disclosed in which he was sanctioned, many other courts have also had an opportunity to comment on Mr. Liebowitz's tactics, particularly one regarding disbarment in the Norther District of California:

1. *In the Matter of Richard P. Liebowitz v. Richard P. Liebowitz*, N.D. Cal. Civil No. 19-mc-80228-JD:  Order of Disbarment Regarding Dockets 1 and 2 Filed October 7, 2019, Honorable James Donato removed Mr. Liebowitz as a member of this Court on October 7, 2019.  To add the glut of sanctions and judicial reprimands, Mr. Liebowitz again filed pleadings, while not a member of the State Bar of California.   To be a member of the bar of this Court, an Mr. must be an active member in good standing of the State Bar of California. N.D. Cal. Civil L.R. 11-1(b). An Mr. search on the State Bar of California's website, http://www.calbar.ca.gov/, indicated that Mr. Liebowitz is not an active member of the California bar, and so the Court issued an order directing him to show cause why his membership in the bar of this Court should not be terminated. Dkt. No. 1. Liebowitz's response, Dkt. No. 2, was deemed not responsive and does not say anything at all about his membership in the State Bar of California. He states that he has obtained "local co-counsel," Dkt. No. 2 ¶ 1, but again, was deemed insufficient. The Court consequently ordered  Mr. Liebowitz removed from the membership roll of the bar of this Court. In addition, Mr. Liebowitz is ordered to disclose these OSC proceedings to any judge in this

district before whom Liebowitz has a pending pro hac vice application. *See* attached Defendant's Exhibit F.

2. *McDermott v. Monday Monday, LLC*: In an order entered early last year, the court held that costs should not be granted due to there not being a prevailing party (as Mr. Liebowitz simply dismissed the case after he faced opposition for filing a case in New York that had no personal jurisdiction over the Idaho defendant). However, this case is another example of the court pointing out that Mr. Liebowitz failed to provide proper notice according to court rules (fn. 1) and mentions how it is not his first failure. The court also describes that Mr. Liebowitz "is a known copyright troll filing over 500 cases in this district alone in the past twenty-four months." *McDermott v. Monday Monday, LLC*, No. 17CV9230 (DLC), 2018 WL 1033240 (S.D.N.Y. Feb. 22, 2018), motion for relief from judgment denied, No. 17CV9230 (DLC), 2018 WL 5312903 (S.D.N.Y. Oct. 26, 2018). This opinion also details Mr. Liebowitz's history of transgressions.

3. *Reynolds v. Hearst Commc'ns, Inc.*: In another case, the defendant moved for the court to impose a bond requirement upon Mr. Liebowitz before the case continued. The court granted the motion, and again described how Mr. Liebowitz engaged in improper tactics such as "fail[ing] to appear at the pretrial conference . . . despite being required" to do so. *Reynolds v. Hearst Commc'ns, Inc.*, No. 17CV6720(DLC), 2018 WL 1229840, at *1 n.1 (S.D.N.Y. Mar. 5, 2018), reconsideration denied, No. 17CV6720(DLC), 2018 WL 1602867 (S.D.N.Y. Mar. 29, 2018). The court continued: "[a] number [of] Mr. Liebowitz's cases have been dismissed from the bench as frivolous" and "[m]ultiple courts, on their own initiative, have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action." *Id.* at *4. Defendant encourages the Court to review all of those cases as well, as Defendant cannot expend the resources necessary to travel down this seemingly endless body of case law regarding Mr. Liebowitz. The court concluded with: "Mr. Liebowitz also argues that plaintiff has not willfully disobeyed court orders, obstructed discovery, or increased the cost of litigation. This is demonstrably false. Mr. Liebowitz failed to comply with orders in this litigation, as he has in other lawsuits." *Id*.

4. *Kanongataa* cases: In a trio of cases filed by Mr. Liebowitz, another judge in the Southern District of New York ordered Plaintiff to repay the defendants' legal bills in all three cases in an amount exceeding $120,000. *See* Dkt. 61, **Exhibit G**.

**D. This list of cases in which courts have found Mr. Liebowitz's tactics to be suspect continues. Defendant will simply cite a few additional quotes from orders relating to Mr. Liebowitz's conduct:**

1. "The history of Liebowitz's failure to comply with court orders counsels in favor of the imposition of an additional bond. Mango has chosen Liebowitz as his counsel, and it is not unreasonable to weigh his counsel's failure to follow this district's local rules and to

9

comply with court orders in assessing this final *Cruz* factor." *Mango v. Democracy Now! Prods., Inc.*, No. 18CV10588 (DLC), 2019 WL 3325842, at *6 (S.D.N.Y. July 24, 2019).

2. "[T]his [is] not the first time that Mr. Liebowitz has gotten into difficulty in this Court for what at best often is a slap dash approach to pursuing the enormous volume of cases of this nature that he has filed. A 'mere oversight' that happens once or twice is one thing, A pattern of discovery and related abuse is quite another, and rings of deliberate indifference to an attorney's obligation to behave in a professional, responsible, and competent manner in each and every case he handles. And if the attorney has filed a deluge of cases, such that his workload is too great to discharge that obligation, the volume of cases must be reduced to a number that may be managed responsibly or the number of responsible and competent attorneys tasked with handling it must be increased. In sum, plaintiff has offered no satisfactory excuse for his failure to comply with Rules 26(a) and (e)." *Sands v. Bauer Media Grp. USA, LLC*, No. 17-CV-9215 (LAK), 2019 WL 4464672, at *6 (S.D.N.Y. Sept. 18, 2019).

3. "While there is an insufficient basis for the Court to impose sanctions against Liebowitz for violations of the professional rules of conduct on the current record, this motion was a close call and the Court strongly cautions Liebowitz and his law firm to be mindful of overplaying their hands (or worse) during settlement negotiations. If a license has been obtained as part of a settlement in another case, then the firm should be transparent in that regard and not try, as leverage, to pawn a license off as something other than a settlement. Lawyers have one treasured possession above all else, and that is their reputation. If it is squandered and lawyers become known for being untrustworthy, both their clients and the Court are ill- served. This is hardly the first time that Liebowitz and his firm have had their reputation called into question, and the Court can only hope it will be the last." *Otto v. Hearst Commc'ns, Inc.*, No. 17CV4712GHWJLC, 2019 WL1034116, at *12 (S.D.N.Y. Feb. 21, 2019).

4. While barely escaping sanctions in another case, Judge Abrams had this to say: "The Court finds particularly concerning Mr. Liebowitz's repeated failures to follow the orders and rules of this Court and others within the district, as well as his propensity to take unreasonable positions and to omit crucial facts—or even to make outright misrepresentations—in an apparent attempt to increase costs and to extort unwarranted settlements." *Pereira v. 3072541 Canada Inc.*, No. 17-CV-6945 (RA), 2018 WL 5999636, at *3 (S.D.N.Y. Nov. 15, 2018).

Mr. Liebowitz's repeated pattern violating court rules speak for themselves. Simple courtesies, including sending cease and desist letters, are simply not part of his repertoire. He has earned this reputation and cannot be expected to change if admitted to this District. Defendant respectfully requests that the Court consider using its authority to sanction Mr. Liebowitz to reimburse Defendant for the costs incurred in researching and preparing this Response. Defendant

also submits that dismissal of the Complaint would be an appropriate sanction. Finally, Defendant suggests that this Court refer Mr. Liebowitz to a class on the local rules of Western District of Pennsylvania as well as at least a six (6) hour Ethics Continuing Legal Education Course.

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court deny the Motion [Dkt. 27] enter an order holding the Complaint void or dismissing it with prejudice, and sanction Mr. Liebowitz to reimburse Defendant for its costs in preparing this Response. At a minimum, this Court should require Mr. Liebowitz to be sponsored into the bar of this District by local counsel, preferably one closer to Erie County, Pennsylvania, rather than Philadelphia County, Pennsylvania, as Mr. Liebowitz, given his litany of cases incapable of trying this matter in a manner expected by the judges of this District. Alternatively, this case should be dismissed without prejudice, and allow the Plaintiff sufficient time to find counsel admitted in the Western District of Pennsylvania.

Dated:  November 5, 2019                                    Respectfully Submitted,

**WILLIAMS & JORDEN**

By: */s/ Andrew P. Smith*
Andrew P. Smith, Esq.
Attorney ID #322000
425 West Tenth Street
Erie, PA  16502
Phone: (814) 315.9255
Email: Drew@WilliamsAndJorden.com
Email: Adam@WilliamsAndJorden.com
*Attorneys for Defendant,*
*Great Lakes Online Media, LLC*

## CERTIFICATE OF SERVICE

I, Andrew P. Smith, Esq., of Williams & Jorden, hereby certify that on November 5, 2019, all counsel of record were served the foregoing Response to Richard Liebowitz's Motion to Appear Pro Hac Vice by the CM/ECF filing System.

                                                **WILLIAMS & JORDEN**

                            By:/s/ *Andrew P. Smith*
                                    Andrew P. Smith, Esq.
                                    Attorney ID #322000